# In the United States Court of Federal Claims

No. 18-123
Filed: April 8, 2021

|  |  |
|---|---|
| OLSEN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING CASE

On January 25, 2018, plaintiffs filed a long-form complaint in this case. Plaintiffs' Original Complaint, ECF No. 1 [hereinafter Compl.]. In that Complaint, plaintiffs argue that "[a]s a result of the Corps' release of water from the Addicks and Barker Reservoirs, [p]laintiffs were deprived of their real and personal property," and "[a]s a result, the [p]laintiffs have sustained costs to repair structures on their properties and the market value of their real property has significantly decreased." *Id*. at ¶ 2. That same day, this case was consolidated pursuant to Management Order Number Three, issued in the Downstream Sub-Master Docket. *See* Management Order No. 3, Case No. 17–9002, ECF No. 2.

On February 18, 2020, the Court issued its Opinion and Order, granting defendant's Motion to Dismiss and Cross-Motion for Summary Judgment and denying plaintiffs' Motion for Summary Judgment. Opinion and Order, Case No. 17–9002, ECF No. 203. In that Opinion and Order, the Court found that neither the State of Texas nor federal law recognize a property interest in perfect flood control in the wake of an Act of God and that an Act of God cannot trigger Fifth Amendment takings liability. *See generally id*. On March 13, 2020, the Court issued an Order to Show Cause, directing that "any plaintiff with a currently-stayed case that believes it has a claim that was not resolved by the Court's February 18, 2020 Opinion and Order shall **SHOW CAUSE** as to why its case should not be dismissed." Scheduling Order and Order to Show Cause, Case No. 17–9002, ECF No. 208. Plaintiffs responded to that Order on September 22, 2020, and defendant filed its Reply on October 7, 2020. *See generally* Plaintiffs' Response to Show Cause Order, ECF No. 13 [hereinafter Resp.]; Defendant United States' Refiling of its Response to Plaintiffs' Response to Show Cause Order, ECF No. 14 [hereinafter Reply].

In their Response to the Court's Order to Show Cause, plaintiffs argue the following: (1) they have "plead the taking of a cognizable property interest" that is "not barred by an Act of God defense" and is therefore compensable, and (2) dismissal of their Complaint "would violate procedural and substantive due process" as they "have not had the opportunity to develop

evidence to respond to the Government's positions." *See id*. Ex. A, at 3-10.  In reply, defendant argues that plaintiffs have "failed to explain how their case is distinguishable from those already adjudicated in the Liability Opinion" and, moreover, that the Court's "Show Cause Order process . . . provided the due process that these plaintiffs now claim is absent."  Reply at 8.

After careful review of the record, the Court finds that nothing in the plaintiffs' Response satisfies the Court's requirement to enumerate "how [their] claim is different from the previously adjudicated claims, and why the February 18, 2020 Opinion and Order left that claim unresolved."  Scheduling Order and Order to Show Cause at 2, Case No. 17–9002, ECF No. 208.  With the opportunity to respond, plaintiffs reiterate that "their property was rendered useless" by the Government due to the release of water from the Addicks and Barker dams and that "the duration of the flooding in their homes was prolonged beyond what would have been caused only by Hurricane Harvey."  Resp. Ex. A, at 4.  However, plaintiffs' allegations are no different than those already dismissed by this Court's Opinion and Order which was decided based on the law, not based on the facts.  Consequently, the Court finds that plaintiffs' Response does not provide the Court a sufficient basis as to "how their case is legally distinguishable from those already adjudicated," and therefore fails to show why the legal analysis in the Court's February 18, 2020 Opinion and Order should apply differently to plaintiffs' specific cause of action.  Scheduling Order and Order to Show Cause at 2, Case No. 17–9002, ECF No. 208.

Here, as in the rest of the Sub-Master Docket, "[t]hough the Court is sympathetic to the losses plaintiffs suffered as a result of Hurricane Harvey, the Court cannot find the government liable or find it responsible for imperfect flood control of waters created by an Act of God."  Opinion and Order at 19, Case No. 17–9002, ECF No. 203.  Accordingly, plaintiff's case is hereby **DISMISSED**.  The Clerk of Court is directed to enter judgment consistent with the above.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge